Shientag, J.
(dissenting). I dissent. It is true that the provisions of a lease are projected into a statutory tenancy except as to the term, i.e., as to the date of termination and as to the rental. The lease in controversy by its terms expired on August 31, 1947, and defendant has continued in possession of its store after the expiration of its lease as a statutory tenant. Since the commencement of the action and by legislation effective March 31, 1950, the duration of the applicable emergency rent statute was extended to July 1, 1951. Among other things, the *436 lease contained the following provision: “ Eleventh: That the Landlord, the Landlord’s agents and servants, shall have the right to enter into and upon the demised premises or any part thereof, at all reasonable hours, for the purpose of inspection or otherwise, and to show the demised premises to persons wishing to hire the same. The Tenant agrees to permit ‘ For Rent ’ signs to be placed and maintained, without hindrance or molestation, at such points and of such size and description as the Landlord may elect, upon the walls, doors and windows of the demised premises, at any time during the six months prior to the expiration of the term hereby demised * * *. The Tenant hereby grants permission to the Landlord to enter the demised premises for the purpose of placing and maintaining the aforesaid signs and for the purpose of showing the demised premises to persons wishing to hire the same or any part thereof ”.
The lease also had a provision giving the landlord the right to an injunction in the event of a breach of any covenant of the lease by the tenant. On January 9, 1950, the landlord commenced to paint a “ For Rent ” sign on the exterior portion of one of the show windows of the tenant’s store. The tenant caused the sign to be removed. Thereafter plaintiff requested permission to place a “ For Rent ” sign on the interior window of the tenant’s store. Such permission was refused. In the absence of subdivision (k) of section 8 of the Business Rent Law, to which reference is made in the Per Curiam opinion of the learned majority, it would seem clear that the provision in the lease authorizing the landlord to place “ For Rent ” signs on the premises during a period of six months prior to termination of the lease, would have no application; that provision could not be projected into the statutory tenancy because under the emergency rent laws the term of the tenant, in effect, is made coextensive with the duration of the emergency rent legislation applicable to his tenancy. There has, in reality, been an indeterminate extension of the term of the tenancy by the emergency rent legislation.
Subdivision (k) of section 8 of the Business Rent Law enacted in 1949 (L. 1949, ch. 535, amdg. L. 1945, ch. 314, as amd.) provides in substance that the landlord may have the right to recover possession of store premises provided he has received and accepted a bona fide offer to enter into a lease for the store at an annual rental of at least $7,500 per year for a period of not less than ten years. The section safeguards the tenant by giving it a *437 prior right to enter into a lease similar to the one which has been negotiated with the prospective new tenant. There is nothing in this amendment which fixes a termination date to which the six-month provision in the lease could be related. All that subdivision (k) of section 8 does is to afford the opportunity to the landlord under certain conditions to terminate the statutory tenancy. There is nothing in that amendment which by its terms or by fair intendment authorizes the landlord to place “ For Bent ” signs on the premises so long as the tenant is rightfully in possession under the emergency rent statute. If the Legislature had so intended, it would have been simple to express that intention.
The landlord is free to resort to many methods for the purpose of procuring a tenant within the purview of subdivision (k) of section 8 such as advertising and listing the premises with brokers. There is no reason, however, in the absence of specific legislation to that effect why a tenant should be subjected by ‘ ‘ For Bent ” signs to a serious curtailment of the enjoyment of his statutory tenancy which may continue indefinitely. It may be that because of subdivision (k) of section 8 the tenant by reasonable inference would be obligated to permit his premises to be shown by the landlord to prospective tenants. However, subdivision (k) of section 8, considered in the light of the scope and purpose of the emergency rent legislation of which it is a part, can be given full effect without impairing the value of the statutory tenancy by the display of “ For Bent ” signs.
The order below dismissing the complaint for legal insufficiency should be affirmed, with costs to the respondent.
Peck, P. J., Glennon, Callahan, and Van Voobhis concur in Per Curiam opinion; Shientag, J., dissents and votes to affirm, in opinion.
Order reversed, with $20 costs and disbursements to the appellant, and the motion denied. [See 278 App. Div. 555.]